CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
APR 10 2008
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DAVID JUSTIN BISHOP,<br> Plaintiff, | )<br>) Civil Action No. 7:08-cv-00228<br>) |
| v. | ) **MEMORANDUM OPINION**<br>) |
| Y. TAYLOR, et al.,<br> Defendants. | ) By: Hon. Jackson L. Kiser<br>) Senior United States District Judge |

Plaintiff David Justin Bishop, Virginia inmate number 327897, currently incarcerated in the Green Rock Correctional Center in Chatham, Virginia, has filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343.[1] Plaintiff seeks damages in excess of $750,000.00. Upon consideration of the complaint, it is clear that plaintiff did not fully exhaust the inmate grievance procedure. Because plaintiff did not exhaust his administrative remedies before filing this action, I find that his complaint must be dismissed pursuant to 42 U.S.C. § 1997e(a).

The Prison Litigation Reform Act requires that inmates exhaust all available administrative remedies before filing an action challenging prison conditions. 42 U.S.C. § 1997e(a); see also, Dixon v. Page, 291 F.3d 485 (7th Cir. 2002), citing Perez v. Wisconsin Dep't of Corrections, 182 F.3d 532, 535 (7th Cir. 1999) (holding that an inmate complaint must be dismissed for failure to exhaust even if the inmate demonstrates that he filed a grievance and appealed it to the highest level of the prison's grievance procedure after commencing the lawsuit). The exhaustion requirement

---

[1] Plaintiff alleges that his Eighth Amendment "right to be free from cruel and unusual punishment by deliberate indifference to medical needs" were violated by his assignment to a top bunk on July 9, 2007. Plaintiff asserts that, on July 27, 2007, he fell from the top bunk, chipping a tooth, injuring his lower back, breaking his "fifth metatarsal in [his] left foot," and injuring his right shoulder. Plaintiff states that his injuries were diagnosed as minor; however, plaintiff disagrees with this assessment. Plaintiff concedes that his tooth was assessed a requiring immediate medical attention "because of exposed nerves," that he has seen a dentist, and that he has seen an orthopedic specialist regarding his foot injury. Plaintiff further asserts that he suffers from "saracadosis of the liver," and that he has been denied "medications for the damage done to [his] liver" and pain medication.

"applies to all inmate suits about prison life." Porter v. Nussle, 534 U.S. 516, 532 (2002). Proper exhaustion of administrative remedy procedures for purposes of § 1997e(a) means using all steps that the agency holds out, and doing so properly, so that the agency addresses the issues on the merits. See, e.g., Woodford v. Ngo, 548 U.S. 81, 126 S. Ct. 2378, 2385-88 (2006). Section 1997e(a) applies whether or not the form of relief the inmate seeks is available through exhaustion of administrative remedies. Booth v. Churner, 532 U.S. 731, 741 (2001). The exhaustion provision is mandatory, even in those instances where an inmate claims that exhaustion would be futile or the remedy inadequate. Id. n.6. A district court may sua sponte dismiss a complaint where a prisoner's failure to exhaust is apparent from the face of the complaint. Anderson v. XYZ Correctional Health Services, 407 F.3d 674, 683 (2005).

Generally, inmates have a grievance procedure available that includes the following steps: an informal complaint; a regular grievance; and one or two levels of appeal, depending on the type of claim raised. In support of the instant complaint, plaintiff has submitted a statement verifying that he has exhausted his administrative remedies by appealing his claims to the highest available level of the administrative remedies procedures; the verified statement also explicitly attests that "[c]opies of the record of the proceedings are attached to this statement." Contrary to this assertion, however, the documentation of exhaustion included with the original complaint indicated that plaintiff had failed to properly exhaust.[2] On March 28, 2008, the complaint was conditionally filed and plaintiff

---

[2] Plaintiff's original complaint included 45 pages of grievance documentation, which included: Regular Grievance forms, all of which had been rejected as improper, either as requests for services (rather than presenting grieve-able issues), for failure to first resort to the informal procedure, or for presenting multiple issues (and instructing plaintiff to resubmit his grievances presenting only one issue per grievance); Emergency Grievance forms that indicate action was taken to address plaintiff's medical issues; informal complaint forms that were not followed up with regular grievances; Green Rock Correctional Center General Request Forms; and Green Rock Correctional Center Request Forms. In no instance has plaintiff submitted documentation of having properly filed
(continued...)

2

was directed to provide, inter alia, documentation of his exhaustion of all available administrative remedies. In response, plaintiff has submitted a copy of a memorandum, dated February 19, 2008, to him from the Virginia Department of Correction's Regional Ombudsman regarding "[c]orrespondence received 2/15/2008," and stated, in pertinent part (verbatim quote):

> I am in receipt of your letter concerning four different intake appeals you sent to the Western Regional Office. All in question were received 1/31/2008 and related to medical issues.
>
> Upon reviewing the intakes in question, all were answered in accordance with policy. DOP 866.1 IV A.2a. states "The offender must attach any required documentation (Informal Complaint. . .)." You state in your letter that you had filed "numerous informal complaints on July 30, 2007 answered July 31st, 2007, on November 13th, 2007 answered on November 16, 2007." Policy not only states you must include such documentation when filing the Regular Grievance, but also that it is within 30 days of the occurrence of the event.
>
> Please review policy and file accordingly in the future.

It is clear from the documentation plaintiff has submitted that he has not properly exhausted all available administrative remedies prior to filing the instant lawsuit. Because plaintiff did not utilize all steps of the grievance procedures, the court concludes that he has failed to exhaust all available administrative remedies. Booth, 532 U.S. at 741, n. 6; Woodford, 126 S. Ct. at 2384-86 (upholding district court's finding that plaintiff failed to properly exhaust all available administrative remedies where initial grievance was rejected because it was not filed within the 15 working day period prescribed by the regulations of the California Department of Corrections); Cooper v. Schilling, et al., Civil Action No. 7:06-cv-00296 (W.D. Va. November 20, 2006) (Turk, S.J.), slip op. at 3-5, 2006 WL 3359592 at *2 (Virginia inmates are required to exhaust claims in accordance with the grievance procedures established by the VDOC); Davis v. Stanford, 382 F. Supp.2d 814, 818 (E.D.

---

² (...continued)
a grievance that he then appealed to the highest level of appeal.

3

Va. 2004) (same); Lawrence v. Va. Dep't of Corr., 308 F. Supp.2d 709, 718 (E.D. Va. 2004) (where prison policies require inmates to file grievances within a specified time period following a complained-of event, but plaintiff is unable to do so because the period has expired, plaintiff is still required to "appeal[ ][the] procedural denials to the point of exhaustion of . . . administrative remedies," id. at n. 14, before filing § 1983 action). Because it appears from the face of plaintiff's own pleadings and the content of the documents he has submitted in support of his statement verifying his proper exhaustion of all available administrative remedies that plaintiff has not fully exhausted all available administrative remedies, as required pursuant to 42 U.S.C. § 1997e(a) before filing a federal lawsuit, I will dismiss this complaint. See Anderson, 407 F.3d at 683.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

**ENTER:** This 10th day of April, 2008.

Senior United States District Judge